DAVID R. GRUNDY, Bar No. 864
ALICE CAMPOS MERCADO, Bar No. 4555
LEMONS, GRUNDY & EISENBERG
6005 Plumas Street, Suite 300
Reno, Nevada 89519
Ph: (775)786-6868

Attorneys for Defendant
RYAN SIMPSON

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\*\*\*\*\*

ARIEL MARISCAL, a minor, )
by and through his mother )
and guardian, IRMA MARISCAL, )
                                    Plaintiff, )
vs. )
RYAN SIMPSON, in his individual )
and official capacity, and the )
CITY OF SPARKS, )
                                      Defendants. )

Case No. 3:08-cv-00162 BES-RAM

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

STATE OF NEVADA )
                         ) ss.
COUNTY OF WASHOE )

      Jeffrey S. Blanck ("Plaintiff's Counsel"), individually and as legal counsel for Plaintiff Ariel Mariscal, a minor, by and through his mother and guardian Irma Mariscal, (hereafter referred to as "Mariscal"), and Defendant Ryan Simpson, (hereafter referred to as "Simpson"), by and through his counsel of record, Lemons, Grundy & Eisenberg ("Simpson's Counsel"), hereby enter into the following STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER:

      WHEREAS, Mariscal has filed the above styled and numbered suit against Simpson and City of Sparks; and

///

///

LEMONS GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO NV 89519-6069
(775) 786-6868

WHEREAS, documents and other tangible and intangible information which may be relevant to the subject lawsuit pertain to an active law enforcement officer (Simpson) and are thereby confidential and may be subject to privileges from discovery; and

WHEREAS, documents and other tangible information which may be relevant to this lawsuit pertain to sensitive educational and medical information regarding Ariel Mariscal, a minor; and

WHEREAS, the parties and their counsel desire to expedite and facilitate the discovery process in this litigation while protecting the interests of both parties; and

WHEREAS, all counsel agree that the easiest and most economical way to accomplish this goal is through the execution of a Stipulated Confidentiality Agreement and Protective Order;

**THEREFORE, SUBJECT TO THE APPROVAL OF THIS COURT,** the parties hereby stipulate as follows:

1. Documents and information that will be produced by Mariscal and Simpson pursuant to this STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER are claimed to be of a confidential nature. The purpose of this Confidentiality Agreement and Protective Order is to protect the confidentiality of these documents in the interest of the parties' privacy and Simpson's safety due to his status as an active law enforcement officer.

2. Confidential documents and information produced in this case shall be protected from inappropriate and/or inadvertent disclosure in accordance with the following terms and conditions:

   a. Simpson may, in good faith, designate documents or discovery information as "CONFIDENTIAL" including by way of example, but not limited to records pertaining to internal affairs investigations, records which identify Simpson's residential information and/or information that identifies his family members, his health information and similar private and confidential information.

LEMONS GRUNDY & EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO NV 89519-6069
(775) 786-6868

Mariscal/Sparks/Simpson Stipulated Confidentiality
Agreement and Protective Order     -2-

    b.    Plaintiff may, in good faith, designate documents or discovery information as "CONFIDENTIAL" including by way of example, but not limited to records pertaining to plaintiff's 's medical, psychological and school records.

    c.    All documents produced in this case and designated "CONFIDENTIAL" shall be used solely for the purpose of "this action" and shall not be made available to persons other than "qualified persons" as defined in Paragraph 3. "This action" specifically refers to the pretrial proceedings and trial or settlement of the above-entitled cause of action, and no other.

    d.    "Confidential" documents, information and other discovery materials shall include all originals and copies of any document and/or information that have been designated as such by stamping the cover or other page or by stamping a blank sheet affixed to the cover or other page with the words "CONFIDENTIAL" or in any other reasonable manner appropriate to the form in which the confidential information is made available to the qualified persons as defined in Paragraph 3. In lieu of stamping the originals of documents, the parties may stamp copies that are produced or exchanged, or indicate in some appropriate fashion that the documents are confidential under this Confidentiality Agreement and Protective Order. Notwithstanding the foregoing, documents or other discovery materials produced and not so designated through mistake, or inadvertence, or for any other reasons shall likewise be deemed confidential.

3.    "Qualified persons" means:

    a.    A party to this action, an officer, director, employee or partner or a party of counsel having direct responsibility for, working directly on, or testifying in connection with this action who has executed a declaration in the form attached hereto as **Exhibit "A"** and/or

    b.    Counsel of record for the parties and the legal assistants and regularly-employed office staff of counsel of record for the parties; and/or

LEMONS GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO NV 89519-6069
(775) 786-6868

Mariscal/Sparks/Simpson Stipulated Confidentiality
Agreement and Protective Order     -3-

c. A person retained by a party or its attorneys of record to assist in this action, such as independent accountants, expert witnesses, statisticians, economists, consultants or other technical experts and/or consultants, who have signed a declaration in the form of **Exhibit "A"** hereto, which signed declaration shall be retained by such party or its attorneys; and/or

d. Court officials involved in these actions, including the court and its staff, court reporters, persons operating video recording equipment at depositions, and any person appointed by the court; and/or

e. Actual or potential deposition witnesses in this action who are assisting counsel in the prosecution or defense of this action or whom counsel must advise concerning the status of this action who has executed a declaration in the form attached hereto as **Exhibit "A."**

The parties expressly agree that the confidential information as identified in Paragraph 2, above, will be maintained in a location to prevent inadvertent disclosure to anyone not deemed to be a "qualified person" as identified in paragraph 3, above.

4. In the event that a "qualified person" ceases to engage in the preparation for trial or trial of this proceeding, access by such person to confidential documents and other discovery materials shall be terminated; however, the provisions of this Confidential Agreement and Protective Order shall remain in full force and effect as to all persons who have obtained access to such documents or other discovery materials of plaintiff or Simpson designated for protection hereunder in perpetuity.

5. Counsel for the parties shall maintain a list of the names of all persons, including all experts, expected to testify at trial, who inspect or view confidential documents and other discovery information or who receive any copies of such confidential documents or discovery information and shall make such a list available to each other at the conclusion of this litigation.

6. Nothing contained herein shall prevent disclosure beyond the terms of this Confidentiality Agreement and Protective Order if the parties consent in writing to such disclosure; or if the court, after notice to all affected persons, allows such disclosure; or if the

LEMONS GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO NV 89519-6069
(775) 786-6868

Mariscal/Sparks/Simpson Stipulated Confidentiality
Agreement and Protective Order       -4-

party to whom confidential information has been produced thereafter becomes obligated to disclose the information in response to a lawful subpoena, PROVIDED THAT the subpoenaed party gives prompt written notice to counsel for the parties and permits said counsel sufficient time to intervene and seek appropriate relief in the action in which the subpoena was issued.

7. If any party submits and/or files with the court any document or other discovery information covered by this Confidentiality Agreement and Protective Order, efforts will first be made to obtain leave of court to file such document under seal. To that end, no party shall file or submit for filing as part of the court record any document under seal without first obtaining leave of court. Notwithstanding the agreement between the parties hereto, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. If leave of court to file under seal is granted, the party filing any motion, brief or other paper containing or otherwise exhibiting any confidential information will be filed in sealed envelopes or other appropriate sealed containers, as permitted by the court's rules, bearing the words "CONFIDENTIAL" or "FILED UNDER SEAL."

8. Any person to whom delivery, exhibition, or disclosure of any confidential documents or confidential information described herein is made shall be subject to this order.

9. In the event that any confidential material is inadvertently used, it shall not lose its confidential status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during and after its use. Any waiver of the terms of this order must be in writing.

10. When not in use as permitted by the provisions of this order, the documents designated herein shall be kept in a safe place at the offices of each parties' attorneys of record.

11. Within sixty (60) days after the final judgment in or settlement of this action, each party shall assemble all originals or reproductions, summaries, notes, whether handwritten or printed electronically of any documents or other discovery information stamped "CONFIDENTIAL" produced by the parties (excluding any documents that have been filed with the Court), shall be returned to opposing counsel. Insofar as the provisions of this Confidentiality Agreement and Protective Order restrict the use of the documents or other

LEMONS GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO NV 89519-6069
(775) 786-6868

Mariscal/Sparks/Simpson Stipulated Confidentiality
Agreement and Protective Order    -5-

discovery materials produced hereunder, such Confidentiality Agreement and Protective Order shall continue to be binding after the conclusion of this case.

12. Nothing in this Stipulated Confidentiality Agreement and Protective Order, nor any action taken in compliance with it, shall:

    a. Operate as an admission by either party that any particular document, or discovery material, deposition transcript, or discovery response is or is not confidential; or

    b. Prejudice in any way the right of any party to seek a determination by the Court whether particular documents or other information should or should not be disclosed or if disclosed whether it should remain subject to the terms of this Confidentiality Agreement and Protective Order.

13. Nothing in this Confidentiality Agreement and Protective Order shall be deemed to impair a party's right to object to the production of documents or information on any ground, or to assert that the documents or information sought are privileged or otherwise protected from disclosure or to demand more stringent restrictions for the treatment or disclosure of any documents or discovery information on any ground that may be warranted by the circumstances of a particular document request.

14. Nothing in this Confidentiality Agreement and Protective Order shall bar or otherwise restrict any attorney herein from rendering advice to his client with respect to this case.

15. The parties and their attorneys, and any "qualified persons" who receive confidential information subject to this Confidentiality Agreement and Protective Order, who intentionally, knowingly, or otherwise violate the terms of this Confidentiality Agreement and Protective Order shall be jointly and severally liable for all damages arising therefrom and said party may pursue any and all civil remedies available to it for breach of the terms of this Confidentiality Agreement and Protective Order.

16. This Confidentiality Agreement and Protective Order may be modified by written stipulation among all parties, approved by the Court or by application by noticed motion.

LEMONS GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO NV 89519-6069
(775) 786-6868

Mariscal/Sparks/Simpson Stipulated Confidentiality
Agreement and Protective Order    -6-

17. Nothing in this Confidentiality Agreement and Protective Order shall be construed as a waiver of any rights by any party with respect to matters not specifically provided for herein. This Confidentiality Agreement and Protective Order shall be applicable to documents and discovery materials produced.

18. The parties agree that, for purposes of laying an evidentiary foundation for authentication only, that the records are deemed properly authenticated unless, for good cause shown, any party applies to the court for an order with a good faith factual basis to contest the authenticity of any particular document or documents. Further, this stipulation shall not be construed as a waiver of any other objection to such document, including, but not limited to, relevance, hearsay, cumulativeness or undue prejudice.

Dated this 15 day of January, 2009.

/s/ Jeffrey S. Blanck
JEFFREY S. BLANCK, #3913
485 West Fifth Street
Reno, NV 89503
**Attorney for Plaintiff**

Dated this 15 day of January, 2009.

/s/ Alice Campos Mercado
ALICE CAMPOS MERCADO, #4555
Lemons, Grundy & Eisenberg
6005 Plumas Street, Suite 300
Reno, NV 89519
**Attorney for Defendant Ryan Simpson**

## ORDER

IT IS SO ORDERED.

DATED this 16th day of January, 2009.

_____
U.S. MAGISTRATE JUDGE

Mariscal/Sparks/Simpson Stipulated Confidentiality
Agreement and Protective Order                    -7-

# Exhibit A

Exhibit A

# Exhibit A

## ACKNOWLEDGMENT AND AGREEMENT TO
## ABIDE BY CONFIDENTIALITY AND PROTECTIVE ORDER

THE UNDERSIGNED HEREBY UNDERSTANDS AND ACKNOWLEDGES that he/she has read the STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER signed by Jeffrey S. Blanck, Alice Campos Mercado of Lemons, Grundy & Eisenberg, counsel of record for Ryan Simpson, on the ____ day of _____, 2009.

The undersigned agrees to be bound by the terms of the above-mentioned CONFIDENTIALITY AGREEMENT and this Protective Order in the same manner as the parties and their respective attorneys of record, are bound. The undersigned agrees to provide counsel for the parties with written notice of any document sharing as well as a list of any recipients of shared documents. The undersigned also agrees, as provided in the STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER, to submit to the jurisdiction of the United States District Court for the District of Nevada and/or the Second Judicial District Court in and for the County of Washoe, State of Nevada for any proceedings related to any violation or threatened violation of this Order.

_____          Dated: _____

SUBSCRIBED and SWORN to before me this _____ day of _____ 2009.

_____
NOTARY PUBLIC

LEMONS GRUNDY
& EISENBERG
A PROFESSIONAL CORPORATION
6005 PLUMAS STREET
THIRD FLOOR
RENO NV 89519-6069
(775) 786-6868

Mariscal/Sparks/Simpson Stipulated Confidentiality
Agreement and Protective Order